[No. 14104.  Department One. — September 18, 1891.]

P. VISHER, APPELLANT, *v.* J. W. SMITH ET AL., RESPONDENTS.

CLAIM AND DELIVERY — PLEADING — OWNERSHIP AND RIGHT OF POSSESSION — FACTS CONSTITUTING TITLE. — A complaint in an action of claim and delivery, which states the particular facts entitling the plaintiff to the immediate and exclusive possession of the property claimed, sufficiently pleads his title thereto, although it contains no general allegation that he is the owner and entitled to the possession of the property.

ID. — DEFENDANTS' POSSESSION — WRONGFUL DETENTION — REFUSAL OF WAREHOUSEMAN TO DELIVER GOODS STORED — PRESUMPTIONS — GENERAL DEMURRER. — A complaint in an action of claim and delivery

which alleges that the defendants, as warehousemen, executed a storage receipt and contract for the delivery of the property upon the return of the receipt and payment of charges, that the plaintiff demanded the delivery of the property, offering to surrender the receipt and pay the storage charges, and that the defendants refused to deliver it, without giving any excuse therefor, sufficiently alleges, as against a general demurrer, the defendants' possession at the time of the commencement of the action, which follows as matter of legal presumption from the facts stated, and the wrongful detention thereof follows as a necessary conclusion from the refusal to deliver under such circumstances.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*Carter & Smith*, for Appellant.

The warehouseman is presumed to be in possession of the property stored, upon demand therefor accompanied by a production of the receipt without any indorsement showing delivery. (*Davis* v. *Russell*, 52 Cal. 611; 28 Am. Rep. 647.) If he has parted with the possession, or claims the right to hold the property for any reason, he must state the ground of his refusal at the time, or the presumption becomes conclusive. (*Tarbell* v. *Farmers' Mut. El. Co.*, 44 Minn. 471; *Wallace* v. *Elevator Co.*, 37 Minn. 464.) In case he claims to have lost it in any manner, or claims the right to retain the property, the burden is upon him to show the loss of the property, or his right to retain it. (*Williamson* v. *New York etc. R. R. Co.*, 56 N. Y. Super. Ct. 508.) And in case of failure to deliver on demand, a *prima facie* case of negligence is made out against the warehouseman. (*Wilson* v. *Southern Pacific R. R. Co.*, 62 Cal. 164, 172.) The refusal to deliver property actually in possession, on the ground, falsely stated, that it has been sold for charges, is a conversion. (*Briggs* v. *Haycock*, 63 Cal. 343.) The warehouse receipt is as obligatory in the hands of the original bailor of the property, as in the hands of a *bona fide* holder for value. (*Planters' R. M. Co.* v. *Merchants' Nat. Bank*, 78 Ga. 574.) If the plaintiff is entitled to any relief under the facts stated in the complaint, the

demurrer should have been overruled. (Code Civ. Proc., secs. 307, 426; *Grain* v. *Aldrich*, 38 Cal. 514, 520; 99 Am. Dec. 423; *White* v. *Lyons*, 42 Cal. 279, 283; *McPherson* v. *Weston*, 64 Cal. 275, 279.)

*Louttit, Woods & Levinsky,* for Respondents.

The complaint is insufficient, as there is no averment that, at the time of the commencement of the action, plaintiff was the owner or entitled to the possession of the property claimed. (Wells on Replevin, sec. 94, and cases cited; *Barry* v. *O'Brien*, 103 Mass. 521; *Cardinell* v. *Bennett*, 52 Cal. 476.) The complaint is also insufficient because there is no averment that the property had not been delivered to the possession of the plaintiff after its receipt by defendants, and before the alleged demand and refusal; or that the defendants, at the time of the commencement of the action, were in the possession, either actually or constructively, of the property claimed. (*Hall* v. *White*, 106 Mass. 599; *Hawkins* v. *Roberts*, 45 Cal. 42.)

FITZGERALD, C. — The complaint in this action substantially alleges that the defendants were, at the times named therein, engaged as copartners in the business of warehousemen, and, as such, doing a general storage business; that "prior to the third day of July, 1888," plaintiff delivered to the defendants for storage, and stored with them, 1,040 sacks of barley, in consideration and acknowledgment of which the defendants then and there executed to plaintiff a receipt and contract in the words and figures following, to wit: —

"No. 36.                    STOCKTON, CAL., July 3, 1888.

"Received on storage in Bagg's warehouse, awaiting transportation for account of P. Visher, the following described merchandise at the rate of $0.75 per ton for the season ending June 1, 1889, deliverable (damage by the elements excepted) only on the return of this receipt and charges paid.

| "Marks. | Pile No. 151. | One thousand and forty sacks of barley weighing one hundred thousand and fifteen lbs. |

"Sacks 1,040.

"Weighing 100,015 lbs.

"(Signed)                    Smith & Wright."

That plaintiff is now, and ever since its delivery to him by defendants has been, the owner and holder of said receipt; that storage was paid by plaintiff on the barley for the season ending June 1, 1889; that on or about the second day of September, 1890, he produced said receipt and presented it to the defendants without any indorsement thereon, and in the same condition as when executed, and at the same time tendered to them all charges due for storage on said barley for the seasons ending June 1, 1890, and June 1, 1891, and then and there demanded the delivery of the barley to him, also offering to surrender and give up the receipt upon the delivery thereof. The defendants refused to deliver the barley, without giving any excuse or reason therefor.

Plaintiff demands judgment against the defendants for the recovery of the possession of the barley or for the sum of $1,350, the alleged value thereof, in case delivery cannot be had.

The complaint was demurred to on the ground that it " does not state facts sufficient to constitute a cause of action." The demurrer was sustained by the court, and upon plaintiff refusing to amend his complaint, judgment final was rendered in favor of the defendants. The case comes here by appeal upon the judgment roll alone.

It is objected by respondents that the complaint is insufficient "because it contains no averment that at the time of the commencement of the action plaintiff was the owner and entitled to the possession of the property claimed."

The complaint, instead of alleging, generally, that plaintiff is the owner and entitled to the immediate and exclusive possession of the barley, states the partic-

ular facts which entitle him to such possession, and thus specially pleads his title thereto.

It is further objected " that the complaint does not allege that defendants, at the time of the commencement of the action, were in the possession, either actually or constructively, of the property claimed." The possession of the barley by the defendants, and their obligation to redeliver, is shown by the receipt and contract set out in the complaint, from which and their subsequent refusal to deliver it upon plaintiff's demand, without giving any excuse or reason therefor, the law will presume the barley to have been in the defendants' possession at the time of the commencement of the action, and the wrongful detention thereof follows as a necessary conclusion from the refusal to deliver under such circumstances.

While the complaint is not in all respects as artificially drawn nor as precise and direct in its statement of facts as it might have been, and while there are defects of form that could have been taken advantage of by special demurrer, still, upon the facts stated, we are of the opinion that the complaint is sufficient as against a general demurrer.

We therefore recommend that the judgment be reversed, with directions to the court below to overrule the demurrer.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with directions to the court below to overrule the demurrer.