[L.A. No. 30085. In Bank. Apr. 8, 1974.]

BERNARD W. MINSKY, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Minsky, Garber & Rudof and Justin M. Groshan for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, George J. Franscell, Assistant City Attorney, and W. T. Maskey, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**TOBRINER, J.**—This case presents the question whether the claims statutes (Gov. Code, § 900 et seq.) requiring the presentation of certain claims against the government within designated time limits[1] apply to an action

---

[1]Except as otherwise indicated, all statutory references herein are to the Government Code.

Section 905 provides in relevant part that "[t]here shall be presented in accordance with Chapter 1 [sections 900-905.8] and Chapter 2 [sections 910-915.4] . . . all claims for money or damages against local public agencies . . ."

by an arrestee for the return of property taken by local police officers at the time of arrest and wrongfully withheld following the disposition of criminal charges. ■ We do not think that the claims statutes were intended to cover a case in which the city takes the property of an arrested person, holds it as a bailee, and retains it for the city's own use. Hence plaintiff's failure to comply with those statutes erects no bar to a cause of action for the return of the property so seized and retained. In reaching this conclusion, we observe that the language of section 905 makes clear that the requirements for presentation of claims apply only to "claims for money or damages" and not to claims for other forms of relief, such as specific recovery of property taken by the city as a bailee.

The complaint[2] alleges: that "on or about September 23, 1967, defendants, the City of Los Angeles [through] members of the Los Angeles Police Department arrested one Michael Joseph Marino" and "took from his person . . . the sum of $7,720"; that "a receipt or other document was issued to him, evidencing the fact that the Los Angeles Police Department" had taken that sum from him; that "pending the outcome of said case, said property was held as evidence by the Los Angeles Police Department"; and that "upon disposition of said case,[3] . . . on or about December 13,

Section 911.2 provides: "A claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

Section 945.4 provides in relevant part: "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented [by section 905] until a written claim therefor has been presented to the public entity . . . in accordance with [section 911.2, inter alia]."

See generally, 2 Witkin, California Procedure (2d ed. 1970) Actions, sections 145-174, pages 1010-1040; Van Alstyne, California Governmental Tort Liability (1964) sections 8.1-9.17, pages 357-427.

[2]Since this matter comes before us following the sustaining of a general demurrer, we treat the allegations set forth in the complaint as true. (*Carruth* v. *Fritch* (1950) 36 Cal.2d 426, 429 [224 P.2d 702, 24 A.L.R.2d 1403]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 800, p. 2413.) Furthermore, since the demurrer was sustained *without leave to amend*, we also accept the additional facts alleged by plaintiff in the augmented record on appeal. (*King* v. *Mortimer* (1948) 83 Cal.App. 2d 153, 158-159 [188 P.2d 502]; 3 Witkin, Cal. Procedure, *supra*, Pleading, § 844, p. 2449.)

[3]Neither the plaintiff nor the City of Los Angeles has indicated the nature or disposition of the criminal charges against Marino. Conceivably, the present attempt by Marino's assignee to recover the $7,720 seized by the police could fail at trial on the ground that the money was contraband or subject to the claims of third parties. Whatever additional special demurrers or defenses may ultimately be raised in this action, we are concerned in the present appeal solely with the legal issue

1968, . . . said sum [was] wrongfully detained and converted" by transferring the $7,720 to the Policeman's and Fireman's Pension Fund.

Upon disposition of the criminal charges on December 13, 1968, Marino unsuccessfully made an oral demand for the return of the $7,720 taken from him upon his arrest. On the following day Marino assigned his interest in that sum to his attorney, Robert Steinberg. Thereafter Steinberg in turn assigned his interest to Minsky, the present plaintiff.

Within two years after Marino's demand, Minsky formally sought to recover the money from the local governmental entity. On October 29, 1970, he presented a written claim to the city, but that claim was denied on the ground that it "was not filed within 100 days as required by Government Code section 911.2."[4] On December 8, 1970, Minsky filed the present action in the Los Angeles Superior Court alleging the facts set forth herein, and seeking $7,720 damages or such other relief "as the Court may deem just and proper."

The superior court sustained the city's general demurrer and dismissed the complaint without leave to amend under Code of Civil Procedure section 581, subdivision 3, stating that "[n]o allegation in [the] complaint appears that [a] claim under [the] Government Code [was] duly filed." For the reasons set forth below we hold that this ruling and the dismissal of the complaint without leave to amend constituted error.

■ It is axiomatic that if there is a reasonable possibility that a defect in the complaint can be cured by amendment or that the pleading liberally construed can state a cause of action, a demurrer should not be sustained without leave to amend. (3 Witkin, Cal. Procedure, Pleading, § 844, p. 2449; accord *La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 876 [97 Cal.Rptr. 849, 489 P.2d 1113]; *Lemoge Electric* v. *County of*

raised by the trial court's sustaining of the city's general demurrer, i.e., whether compliance with the claims statute constitutes a prerequisite to an action for recovery of personal property impounded by local law enforcement officers after an arrest.

[4]Section 911.2 establishes a 100-day limitation for claims "relating to a cause of action for death or for injury to person or to personal property . . ." and a one-year limitation for "[a] claim relating to any other cause of action." These limitation periods run from the date of "the accrual of the cause of action." For the purposes of the claims statutes, "the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations . . . ." (§ 901.)

Section 911.4 authorizes extensions up to one year from the date of accrual for claims not presented within the 100-day limitation established in section 911.2. If such an extension is denied by the local governmental agency, section 946.6 authorizes judicial relief for "mistake, inadvertence, surprise or excusable neglect" for claims filed within one year of accrual of the cause of action.

*San Mateo* (1956) 46 Cal.2d 659, 664 [297 P.2d 638]; *Beckstead* v. *Superior Court* (1971) 21 Cal.App.3d 780, 782 [98 Cal.Rptr. 779].) We believe a cause of action has been stated here.

At the outset we note that unless the special governmental claims presentation requirements apply (§ 900 et seq.) plaintiff's allegations clearly establish a cause of action based upon the city's breach of its affirmative duty to return private property. ■ Governmental officers who seize an arrestee's property bear the duty to provide a receipt, to safeguard, and to pay and deliver such property as the prisoner directs except "when otherwise ordered by a court of competent jurisdiction." (§ 26640.)[5] Furthermore, plaintiff fully complied with the applicable statutes of limitation[6] and other procedural prerequisites[7] for maintaining the present action. Thus

---

[5]Section 26640 provides: "The sheriff shall take charge of, safely keep, and keep a correct account of, all money and valuables found on each prisoner when delivered at the county jail. Except when otherwise ordered by a court of competent jurisdiction, the sheriff shall pay such money or sums therefrom and deliver such valuables or portions thereof as the prisoner directs and shall pay and deliver all the remainder of his money and valuables to the prisoner or to his order upon his release from the jail or to his legal representative in case of his death or insanity."

Although this statute does not expressly apply to police officers of a municipality, we perceive no valid distinction between the duty of a county sheriff and the duty of city police officers with respect to an arrestee's property. Penal Code section 4003 supports our conclusion: "Whenever any weapon or other personal property is taken from an arrested person, it shall be the duty of the desk clerk or other proper officer of any city, county or city and county jail, to which such person is committed for detention, to give a receipt to such person without delay for the property taken." Furthermore, the respondent city conceded in oral argument that plaintiff's allegations, considered apart from the claims statutes, adequately stated a cause of action for breach of the city's obligation to return property as bailee.

[6]Plaintiff's claim accrued when Marino learned of the "conversion" of his property at the time of the disposition of the criminal charges and his oral demand on December 13, 1968. (*Bufano* v. *City & County of San Francisco* (1965) 233 Cal. App.2d 61, 70 [43 Cal.Rptr. 223]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 327-328, pp. 1170-1171; cf. *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 194 [98 Cal.Rptr. 837, 491 P.2d 421] (holding that "a cause of action for legal malpractice does not accrue until the client discovers, or should discover, the facts establishing the elements of his cause of action.").) The first cause of action, for conversion, was governed by the three-year limitation provided in Code of Civil Procedure section 338, subdivision 3, and was timely filed on December 8, 1970. Plaintiff's second cause of action, for money had and received, finds its basis in principles of implied contract and unjust enrichment. Arguably this cause, which was in substance a suit for the return of specific money, was also governed by the three-year limitation of Code of Civil Procedure section 338, subdivision 3 (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 325, p. 1169), but, even assuming arguendo that the two-year limitation for actions based on unwritten contracts controlled (Code Civ. Proc., § 339, subd. 1), the action was timely filed on December 8, 1970.

[7]The oral demand of December 13, 1970, alleged in the augmented record on appeal (see fn. 2, *supra*) and Minsky's written claim presentation on October 29,

the sole question becomes whether plaintiff's claim should be subjected to the additional requirement of written[8] presentation of claims within the relatively short periods provided in the claims statutes.[9] To resolve this issue we turn to an analysis of the language, the historical setting, and the policies of the claims statutes.

The current requirements for presentation of claims (§ 900 et seq.) derive from the work of the California Law Revision Commission. "From the earliest days of California legal history, a variety of statutes, municipal charter provisions, and local ordinances have required claims to be presented to public officers as a condition to maintaining an action against public entities." (Van Alstyne, Cal. Governmental Tort Liability (1964) § 3.5, p. 78; e.g., *McCann* v. *Sierra County* (1857) 7 Cal. 121.) In 1959 the commission studied this patchwork of enactments; the requirements for presentation of claims differed widely, depending on the type of claim and governmental entity involved. As noted by many commentators, these diverse claims presentation requirements often created unnecessary "traps for the unwary."[10] To meet this problem the commission recommended adoption of uniform procedures for claims against local governmental entities. (2 Cal. Law Revision Com. Rep. (1959) pp. A-7-16.) The Legislature accepted the commission's recommendation and enacted the present scheme for presentation of claims. (Stats. 1959, chs. 1724-1726, p. 4133 et seq.)[11]

The uniform claims presentation procedure of section 905—like most of the enactments which it replaced—applies only to claims for "money or damages." "Even as to local public entities . . . the coverage of the new general claims statute is not universal. Like nearly all [the supplanted] claims statutes, it applies only to claims for money or damages." (2 Cal. Law Revision Com. Rep. (1959) p. A-10.) Accordingly we must interpret

---

1970, both satisfied the general substantive requirement of a demand "where damages for conversion, or specific recovery of personal property, are sought against a defendant [originally] in lawful possession." (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 131, p. 1001.)

[8]Section 910 requires that the claim show: the name and address of the claimant, the date, place, and circumstances giving rise to the claim, a description of the indebtedness or injury, the name of the public officer responsible for the claim, and the amount of the claim. Section 910.2 requires the signature of the claimant.

[9]See footnote 1, *supra*.

[10]See, e.g., Comment (1954) 1 U.C.L.A. L.Rev. 201; Ward, *Requirements for Filing Claims Against Governmental Units in California* (1950) 38 Cal.L.Rev. 259.

[11]In 1963 the Legislature amended the claims statutes, inter alia, to cover claims against the state. (Stats. 1963, ch. 1715, p. 3372.)

the phrase "money or damages" in light of its historic meaning in California law and in the light of cases antedating the present statute.

■ A claim for the specific recovery of property has never been considered a claim for "money or damages" as used in section 905 and its predecessors. "[O]nly claimants seeking money or damages, as distinguished from other types of judicial relief, are required to conform to the claims procedure." The claims statutes do not "impose any . . . requirements for nonpecuniary actions, such as those seeking injunctive,[12] *specific,* or declaratory[13] relief." (Van Alstyne, *supra,* §§ 8.8-8.9, pp. 363-365.) (Italics added.) "Where a wrongdoer has converted . . . personal property, the injured owner must elect between his right of ownership and possession (with the remedy of specific recovery) and his right to compensation (with the remedies of damages for conversion or quasi-contract recovery of value on theory of waiver of tort)." (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 114, p. 983.)

■ ■ Applying these principles to the instant situation, we find that the government in effect occupies the position of a bailee when it seizes from an arrestee property that is not shown to be contraband. (Cf. *Mozzetti v. Superior Court* (1971) 4 Cal.3d 699, 708-709 [94 Cal.Rptr. 412, 484 P.2d 84] (declaring that the police are involuntary bailees of vehicles impounded after a traffic accident).) The arrestee retains his right to eventual specific recovery, whether he seeks to regain tangible property like an automobile, ring, wallet or camera, or whether he seeks to recover a specific sum of money which, under general constructive trust principles, is traceable to property within the possession of the defendant. (See, e.g., *Newport v. Hatton* (1924) 195 Cal. 132, 150-151 [231 P. 987]; *Dalakis v. Paras* (1948) 86 Cal.App.2d 243, 248-249 [194 P.2d 736]. See generally 5 Scott on Trusts (3d ed.) § 515 et seq.).[14] ■ Although the instant complaint

---

[12]*L. A. Brick etc. Co.* v. *City of Los Angeles* (1943) 60 Cal.App.2d 478, 486 [141 P.2d 46]. (It is not necessary to comply with city charter requirement of early presentation of claims for money in an action which seeks an injunction to abate a storm water nuisance even though plaintiff also seeks damages incidental to the injunction.)

[13]*Otis* v. *City of Los Angeles* (1942) 52 Cal.App.2d 605, 612 [126 P.2d 954]. (An action for declaratory relief with respect to enforcement of a zoning ordinance against plaintiffs is not subject to a city charter provision requiring claims for "money or damages" to be presented before commencing a suit.)

[14]Moreover, even if the money taken from arrestee Marino is no longer traceable to any property presently in defendant's possession and thus is not strictly available for specific recovery, we believe that plaintiff's cause of action would not be foreclosed by the claims statutes. As discussed above, after a local governmental entity wrongfully withholds an arrestee's property, the arrestee clearly can seek specific recovery of the property while it is still in the possession of the local entity without

does not expressly seek specific recovery of the money in question, it does contain a general prayer for any such relief as the court may deem just and proper, and under established California authority, the facts alleged by the complaint are sufficient to support a claim for specific recovery of the sums seized and allegedly wrongfully withheld from plaintiff. (See *Visher* v. *Smith* (1891) 91 Cal. 260, 263-264 [27 P. 650].) As such, we hold that noncompliance with the claims statutes erects no bar to the instant action.

*Bertone* v. *City & County of S. F.* (1952) 111 Cal.App.2d 579, 588 [245 P.2d 29] affords persuasive authority for this conclusion. In *Bertone* the plaintiff paid $5,000 to the water department to be held in trust pending a settlement of a disputed water district assessment. Even though no such settlement was reached, the city and county refused to return the money. When the plaintiff sought the return of his funds, the respondents argued that a then applicable charter provision " 'require[d] all claims for damages against the city [to] be presented to the controller within 60 days after the occurrence.' " (*Id.*) The plaintiff answered that his claim was not for "damages" but rather was an action based on a receipt given for his money. The *Bertone* court agreed with the plaintiff, implicitly recognizing

---

being limited to the relatively short period for filing claims set forth in the claims statutes. This initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific recovery remedy apparently available to him, justifiably did not file a claim.

Numerous California cases have, under analogous circumstances, refused to permit defendants to utilize similar misconduct to defeat actions seeking specific recovery of property. As declared in *Rathbun* v. *Hill* (1933) 129 Cal.App. 601, 606-607 [19 P.2d 64]: " 'The rule that an action to recover the possession of personal property does not lie against one not in possession of the property, does not obtain where the defendant had been in possession and wrongfully disposed of the property prior to the commencement of the action without the knowledge of the plaintiff at the time.' . . . [¶] [W]here the defendant has wrongfully parted with the possession of the property before the action is commenced, it does not lie within his power to defeat the suit by such wrongful practices. A defendant cannot part with property in bad faith and then plead his own bad faith as a defense to the plaintiff's cause of action." (See, e.g., *Commercial Credit Co.* v. *Peak* (1924) 195 Cal. 27, 32 [231 P. 340]; *Law* v. *Heiniger* (1955) 132 Cal.App.2d Supp. 898, 900 [282 P.2d 607]; and cases cited in Annot. 97 A.L.R.2d 896, 906, fns. 4, 5.) These authorities support the conclusion that a governmental defendant cannot, by its own subsequent wrongful conduct, alter the nature of a plaintiff's specific recovery action so as to don the protective cloak of the claims statutes.

that trust principles authorized specific recovery of the money, and held the claims presentation procedure inapplicable.[15]

In addition, we note another doctrine that supports our holding of the inapplicability of the claims statute to the wrongful retention of the property in the instant case. ■ A defendant in a criminal proceeding clearly has the right to obtain mandamus to compel the return of personal property wrongfully withheld by the custodial officers. (See, e.g., *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1089 [102 Cal.Rptr. 494]; *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576]; Van Alstyne, *supra,* § 8.19, p. 375.) Mandamus lies in the criminal proceeding even after disposition of the criminal charges. (*People* v. *Superior Court (Loar)* (1972) 28 Cal.App.3d 600, 607-612 [104 Cal.Rptr. 876].) ■ No court has intimated or held that the claims statute applies to the arrestee directly seeking mandamus in a criminal proceeding to compel the return of property wrongfully in the possession of custodial officers. We perceive no reason why the plaintiff, as the arrestee's assignee, should be in any different position merely because he proceeds in a civil action.

■ Finally, the purposes of the claims statutes indicate that they do not apply to cases in which an owner seeks the return of private property held as bailee by the government and wrongfully retained. ■ So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits. (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 553 [94 Cal.Rptr. 158, 483 P.2d 774].) ■ The policy underlying the claims statutes is to afford prompt notice of claims to governmental entities. (*Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198]; *Rowan* v. *City etc. of San Francisco* (1966) 244 Cal.App.2d 308, 312 [53 Cal.Rptr. 88].) The courts and commentators have considered prompt notice important for several reasons: to allow (1) early investigation of the facts, (2) informed fiscal planning in light of prospective liabilities, (3) settlement of claims before the initiation of costly civil litigation, and (4) avoidance of similarly caused future injuries or liabilities. (2 Cal. Law Revision Com. Rep. (1959) p. A-73; *Fredrichsen* v. *City of Lakewood*

---

[15]In *Union Bk. & Tr. Co.* v. *Los Angeles Co.* (1934) 2 Cal.App.2d 600, 605-607 [38 P.2d 442], the court indicated that compliance with the claims presentation procedures set forth in former Political Code section 4075 et seq., for claims for "money," was required in an action instituted after the embezzlement by county officers of $75,000 held as evidence in a criminal proceeding. The court failed to consider, however, whether the allegations of the complaint could support a claim for specific recovery of the funds. To the extent that the *Union Bk. & Tr. Co.* decision is contrary to the instant opinion, it is disapproved.

(1971) 6 Cal.3d 353, 359-360 [99 Cal.Rptr. 13, 491 P.2d 805].) None of these reasons apply to the governmental entity owing an affirmative statutory duty to hold private property for eventual return to the lawful owner.

▆▆▆ In sum, we hold that the instant complaint, seeking the recovery of property seized and wrongfully withheld by defendants, does not involve a claim for "money or damages" within the meaning of section 905, and thus would not fall within the presentation requirements of sections 911.2 and 945.4.[16] Accordingly, we need not consider plaintiff's contention that his action falls within the specific exemption of section 905, subdivision (g) for "[c]laims for principal or interest upon any bonds, notes, warrants, or other evidences of indebtedness."

The judgment dismissing the complaint is reversed.

Wright, C. J., McComb, J., Mosk, J., Burke, J., and Clark, J., concurred.

---

[16]The defendant city argues that, even if compliance with statutory claims procedures was not required, sections 363 and 376 of the Los Angeles City Charter require claims to be presented within six months of their accrual. Section 935 authorizes such city charter requirements for claims "not governed by . . . statutes . . . provided that] [t]he procedure so prescribed may not require a shorter time for presentation of any claim than the time provided in Section 911.2." In oral argument and by letter to the court plaintiff argued that the six-month period prescribed ·in section 376 of the city charter is shorter than the one-year period provided in section 911.2, thus calling into question the validity of the charter provision under the doctrine of preemption. We do not reach this question because the charter provisions, like section 905, apply only to claims for "money or damages," and, therefore, as explained above, do not apply to actions for specific recovery of wrongfully retained private property.