Filed 12/16/13  Shadeed v. The State of California CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RASHAD MUSTAFAA SHADEED, | B243640 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC403504) |
| v. | |
| THE STATE OF CALIFORNIA, | |
| Defendant and Respondent. | |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Affirmed.

        Rashad Mustafaa Shadeed, in pro. per., for Plaintiff and Appellant.

        Kamala D. Harris, Attorney General; Kathleen A. Kenealy, Chief Assistant Attorney General; Kristin G. Hogue, Senior Assistant Attorney General; Joel A. Davis, Supervising Deputy Attorney General, for Defendant and Respondent.

_____

## INTRODUCTION

Plaintiff Rashad Mustafaa Shadeed, representing himself, filed a personal injury action against the State of California arising out of his arrest and imprisonment in 1989. The State demurred, asserting that Shadeed had failed to allege compliance with the claim presentation requirements of the Government Claims Act and failed to file his claims within the applicable statute of limitations period. The trial court sustained the demurrer without leave to amend. We affirm.

## FACTUAL BACKGROUND

### A. *Summary of Shadeed's Complaint*

In December of 2008, plaintiff Rashad Mustafaa Shadeed, representing himself, filed a personal injury action against defendants "Southern California," "Central California," "San Diego County," "Los Angeles County" and "the State of California." In 2009, the trial court set a motion to "strike the complaint for failure to properly state [a] claim."[1] At the motion hearing, Shadeed told the court he had been unable to obtain legal representation and felt that he was "mentally incompetent to proceed." The court informed Shadeed that he was required to serve the complaint within three years of its original filing date and ordered the matter continued until December of 2011.

In March of 2010, Shadeed filed a first amended complaint that listed eight causes of action: defamation, slander, libel, false imprisonment, interference with economic advantage, "racial discrimination," "sexual discrimination" and intentional infliction of emotional distress. The factual allegations in the complaint asserted that, on May 18, 1989, "plaintiff and his girlfriend . . . 'Maria'[] got into an argument on the sidewalk in San Francisco." Shortly thereafter, "[l]aw enforcement" intervened and found an "unregistered gun on [Shadeed's] person." Shadeed was then arrested and charged with "Corpor [*sic*] injury to a spouse." Following his arrest, San Francisco legal authorities

---

**1** Although the record does not contain a copy of the original complaint, it includes various minute orders that provide a general description of the complaint.

2

issued a false police report stating that Shadeed had "continuously pounded Maria's head in to [*sic*] the sidewalk cement pavement and . . . continuously kicked [her] in the adamant [*sic*]." When Maria refused to "press charges," the police "changed the charges to ex-con with gun," which resulted in a two year prison sentence.

The complaint further alleged that Maria later told Shadeed "she was held prisoner inside their home and was raped continuously from July of 1989 through September of 1989." She also told Shadeed that she "went to San Quentin to visit plaintiff" in 1989 and was "abducted in to [*sic*] the prison." According to the complaint, Shadeed believed an assistant district attorney "was responsible for [his] conviction of ex-con with a gun, continues [*sic*] rape of Maria, abduction of Maria, libel and slander."[2] The complaint sought $25,000,000 in "compensatory" and "punitive" damages.

### B. The State of California's Demurrer to the First Amended Complaint

On March 27, 2012, the State of California filed a demurrer arguing that Shadeed's complaint should be dismissed with prejudice because: (1) he had failed to identify any statutory basis for the State's liability; (2) he had failed to comply with the claim presentation requirements of the Government Claims Act; and (3) his claims were barred by the applicable statute of limitations.

Three weeks after the State filed its demurrer, Shadeed filed an application for default judgment, which the court denied. On May 2, 2012, Shadeed filed an opposition to the demurrer that failed to address any of the arguments set forth in the State's memorandum of points and authorities. Shadeed did not include a proof of service with the opposition, and the trial court refused to consider it.

Following a hearing, the trial court issued an order sustaining the demurrer without leave to amend. The court provided four reasons in support of its ruling: (1)

---

[2] The complaint further alleged Shadeed "believed" the district attorney had interfered with his "social associations" because several "different woman" had "cancelled . . . date[s] . . . without an explanation." Shadeed "also believed" the district attorney had "interfered with [his attempts to] obtain[] employment" because several employers had refused to hire him.

3

Shadeed had "fail[ed]to allege a specific statutory basis for liability as to the State"; (2) although Shadeed had alleged acts of wrong doing by the San Francisco district attorney's office, he had "fail[ed] to allege any facts of wrongful conduct by the State or employees of the State"; (3) Shadeed had "fail[ed] to allege that he presented his claims to the State" as required under the "the Tort Claims Act"; and (4) Shadeed's claims arose out of an "imprisonment . . . [that] ended in 1991" and were therefore "barred by the applicable statute of limitations."

On June 4, 2012, the court entered judgment in favor of the State of California. After the court denied his motion for reconsideration, Shadeed filed a timely appeal.[3]

## DISCUSSION

### A. Standard of Review

"'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by

---

[3]     The court's judgment was entered in favor of the State of California only; it did not reference the other four named defendants (San Diego County, Los Angeles County, "Southern California" and "Central California"). Although the "rule of one final judgment [ordinarily] precludes piecemeal disposition and immediate appellate consideration of rulings prior to the final adjudication of the entire case[]," our courts have recognized "an exception to the rule . . . when there are multiple parties and a judgment is entered as to one party leaving no issues to be determined involving the latter. [Citation.] . . . . Because the sustaining of the demurrer herein left no issues to be decided between [Shadeed] and [the State], the dismissal entered upon the sustaining of the demurrer was appealable notwithstanding that the matter [may] still [be] pending as to [other named] defendant[s]." (*Buckaloo v. Johnson* (1975) 14 Cal.3d 815, 821, fn. 3 [disapproved of on other grounds in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393, fn. 5.)

4

amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Kirwan*).)

### B. The Trial Court Did Not Err In Sustaining the Demurrer

*1. The trial court did not err in addressing the merits of the State's demurrer*

Shadeed initially contends that the trial court had no authority to consider the State's demurrer because the State did not file the demurrer within the time limitations set forth in Code of Civil Procedure section 430.40.[4]

Section 430.40 states, in relevant part: "A person against whom a complaint or cross-complaint has been filed may, within 30 days after service of the complaint or cross-complaint, demur to the complaint or cross-complaint." Although the record indicates Shadeed filed his complaint in March of 2010, and that the State filed its demurrer in March of 2012, the record does not contain a proof of service showing whether or when Shadeed served the complaint on the State. Without a proof of service, we cannot determine whether the demurrer was filed within the time limitations set forth in section 430.40. "'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error. [Citations.]" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Even if we assume the State filed its demurrer more than 30 days after receiving service of the first amended complaint, Shadeed has failed to demonstrate the court lacked authority to consider the State's pleading. (See, § 435 [defining the term pleading to include "demurrer"].) "'There is no absolute right to have a pleading stricken for lack

---

**4** Unless otherwise noted, all further statutory citations are to the Code of Civil Procedure.

5

of timeliness in filing where no question of jurisdiction is involved." (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 282 (*McAllister*).) Section 473 specifically permits the trial court to, "in furtherance of justice, and on any terms as may be proper, . . . enlarge the time for answer or demurrer." (§ 473, subd. (a)(1).) "The trial court may exercise this discretion so long as its action does 'not affect the substantial rights of the parties.' [Citation.]" (*McAllister, supra*, 147 Cal.App.4th at p. 282.) Shadeed has provided no argument as to why the trial court abused its discretion in considering the allegedly late-filed demurrer, nor has he identified any substantial right that was affected by the State's purported two-year delay in filing. Shadeed has therefore failed to satisfy his "affirmative burden to demonstrate error." (*Brunius v. Parrish* (2005) 132 Cal.App.4th 838, 859 ["It is the appellant's affirmative burden to demonstrate error"]; *Bullock v. Philip Morris USA, Inc*. (2008) 159 Cal.App.4th 655, 685 (*Bullock*) [an appellant must demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority].)

Shadeed next asserts that the trial court should have granted an application for default judgment he filed in April of 2012, which would have precluded consideration of the State's demurrer. Section 585, subdivision (a) directs that, upon a written application of the plaintiff, the clerk shall enter a default judgment if the defendant has failed to file an "answer, demurrer [or other responsive pleading] within the time specified in the summons, or within further time as may be allowed . . ." Our courts have interpreted the phrase "or within further time as may be allowed" to mean any time before the plaintiff has filed the application for default: "When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the mean time the pleading is served and filed, he, by such conduct, in effect grants the additional time and the party is not strictly in default. The clerk is not authorized to enter a default for failure to file a [responsive pleading] when such [pleading] is on file at the time such default is attempted to be entered." (*Reher v. Reed* (1913) 166 Cal. 525, 528; see *Fiorentino v. City Of Fresno* (2007) 150 Cal.App.4th

596, 605, fn. 3 [under section 585, the clerk may not grant an application for default judgment that is filed after a responsive pleading].)

As explained by the trial court, in this case the State filed its demurrer several weeks before Shadeed filed his application for default judgment. Thus, under section 585, the application could not be granted.[5]

### 2. *The trial court properly sustained the demurrer without leave to amend for failure to comply with the Government Claims Act*

Shadeed contends that, even if the trial court had authority to consider the State's demurrer, the court nonetheless erred in sustaining the demurrer without leave to amend. Our analysis proceeds in two steps. First, we independently review the sufficiency of Shadeed's first amended complaint. Second, we consider whether the trial court abused its discretion in denying Shadeed leave to amend.

---

[5] In his reply brief, Shadeed "ask[s]" us to "consider[]" the fact that he previously filed a request for default in February of 2012, which the court "rejected for 'plaintiff filed for four first amended complaints' [*sic*]." Based on this statement, we infer that Shadeed is requesting we review whether the trial court properly denied his February 2012 request for default, which was filed before the State's demurrer. Although the trial court docket includes an entry from February of 2012 indicating that the court denied a request for default, the record does not include a copy of Shadeed's February request or the order rejecting it. Without these materials, we cannot assess the merits of Shadeed's argument. As the appellant, Shadeed had the "burden of showing error by an adequate record." (*In re Kathy P.* (1979) 25 Cal.3d 91, 102.) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

## a. *The trial court properly sustained the demurrer for failure to allege compliance with the Government Claims Act*

The trial court sustained the State's demurrer on the ground that Shadeed's complaint failed to allege compliance with the claim presentation requirements of the Government Claims Act (Gov. Code, §§ 900 *et seq.* (the Act)).[6] The Act provides, in relevant part, that "no suit for money or damages may be brought against a public entity . . . until a written claim has been presented to the public entity and has been acted upon by the [entity], or has been deemed to have been rejected by the [entity]. (Gov. Code, § 945.4 [citation].)" (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 (*Munoz*).) The claim must "[reflect] [e]ach theory of recovery against the public entity . . . . In addition, the factual circumstances set forth in the claim must correspond with the facts alleged in the complaint." (*Ibid.* )

"Government Code section 911.2 requires the claim relating to a cause of action for . . . injury to person or to personal property be presented not later than six months after the accrual of the cause of action." (*Munoz, supra*, 33 Cal.App.4th at p. 1776.) "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*State v. Superior Court* (2004) 32 Cal.4th 1234, 1239 (*State*).)

Shadeed's complaint alleges personal injury claims seeking compensatory and punitive damages against the State of California, which qualifies as a "public entity." (See *Munoz, supra*, 33 Cal.App.4th at pp. 1776-1777 ["A 'public entity' includes the state . . . and any . . . political subdivision or public corporation in the state.' (Gov. Code, § 811.2.)"].) His claims are therefore subject to the claim presentation requirements of the Government Claims Act. The complaint, however, fails to allege facts demonstrating

---

**6** The trial court order provided three additional reasons in support of its order sustaining the State's demurrer. However, because we affirm the court's ruling that Shadeed's claims were precluded under the Government Claims Act, we need not address these alternative bases.

or excusing compliance with these requirements. The trial court therefore properly sustained the demurrer.

Shadeed, however, appears to contend that the Act's claim presentation requirements do not apply to the specific types of causes of action set forth in his complaint. In support, he cites cases holding that the Act's claim procedures do not apply to: (1) a "cause of action for inverse condemnation" (*Lee v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 855 [citing Gov. Code, § 905.1]); (2) "an action by an arrestee for the return of property taken by local police officers at the time of arrest and wrongfully withheld following the disposition of criminal charges" (*Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 117); or (3) a mandamus action challenging changes in how public pensions are financed. (See *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1497-1498.) Shadeed's complaint, however, does not assert any of these three types of claims, nor any other form of claim that the Legislature has "excepted from the mandatory filing requirement." (*Id.* at p. 1497; see Gov. Code, §§ 905 & 905.1 [listing types of claims excepted from the Act's claim presentation requirement].)

Alternatively, Shadeed asserts that we should relieve him of his claim presentation obligation because he "misapprehen[ded] the law." Shadeed appears to assert he was unaware he could not commence his suit without first presenting his claims to the State. It is well-established, however, that a plaintiff is not excused from complying with the Act "based solely on ignorance of the six-month claim requirement." (*Munoz, supra*, 33 Cal.App.4th at p. 1778.)

Because Shadeed failed to allege compliance with the Act, and has failed to provide any authority indicating that the types of personal injury claims set forth in his complaint are excepted from the requirement, the trial court did not err in sustaining his demurrer. (*State, supra,* 32 Cal.4th at p. 1239.)

9

Because the trial court sustained the demurrer without leave to amend, we must also determine whether Shadeed has established "there is a reasonable possibility that the defect [in his complaint] can be cured by amendment." (*Kirwan, supra,* 39 Cal.3d at p. 318.) In his appellate brief, Shadeed contends he "resently [*sic*] filed a claim with the 'victim compensation and government claims board' Pursuant to >901 [*sic*]." We interpret this statement to mean that Shadeed believes he has now satisfied his claim presentation requirements, and could therefore amend his complaint to reflect this change of circumstance.

Shadeed has not cited any evidence in the record demonstrating that he actually presented a claim to the State of California, or that his claim included the information required under Government Code section 910.[7] Even if we assume Shadeed did in fact recently present a proper claim to the State, the allegations in his complaint demonstrate the claim was untimely.

As discussed above, the Act requires the claimant to present personal injury claims to the relevant public entity within six months after the claim has accrued. Shadeed's personal injury claims, however, are based on events that occurred many years ago. The complaint alleges that, in 1989, the defendants: (1) filed a police report that was "contrary to evidence"; (2) wrongfully charged Shadeed with "ex-con with a gun," which resulted in a two-year prison sentence; (3) "continuously raped," "abducted" and "hospitalized" Shadeed's girlfriend; and (4) "stripped [plaintiff] at the Hall of Justice." In his appellate briefing, Shadeed has clarified that his claims against the State (as opposed to the other named public entity defendants) are based on his "involuntary" and

---

[7] Section 910 requires that the claim, include, among other things: "The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; "A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim"; and "The name or names of the public employee or employees causing the injury, damage, or loss, if known."

"false" "imprisonment-hospitalization." According to Shadeed, he was wrongfully imprisoned for two years in 1989, and then forced to stay in a mental institution for an additional three years. He also seeks redress for defamatory "audio-visual material" that the State allegedly produced "inconjuction [*sic*]" with various arrests that occurred in California and Louisiana in 1987 and 1989. These statements, which we may properly treat as admissions regarding the nature of his claims (*Sacramento County Deputy Sheriffs' Assn. v. County of Sacramento* (1996) 51 Cal.App.4th 1468, 1474, fn. 6 ["We may use . . . statement[s] in the appellate brief as . . . admission[s]"]), demonstrate that Shadeed's claims against the State are for false imprisonment and defamation and are predicated on acts that occurred at least 20 years ago.

A cause of action for false imprisonment or false arrest accrues upon release from confinement. (*Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596, 614; *Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 455.) Generally, a defamation claim accrues "'when the defendant communicates the defamatory statement to a person other than the person being defamed.'" (*Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1526.) According to the statements in Shadeed's complaint and his appellate briefing, his false imprisonment claim accrued in or around 1994, when he was purportedly released from a mental institution; his claim for defamation accrued in 1987 and 1989, when the State allegedly made defamatory statements in conjunction with his arrests in California and Louisiana. As a result, any claim Shadeed may have recently sent to the State of California was not presented within the six-month period set forth in the Act.

Shadeed's brief also includes language suggesting that his claims are for a "continuous 30-yrs's of continuing wrongs." We construe this language to mean that Shadeed believes his claims are subject to either the "continuing violation doctrine" or the "theory of continuous accrual," which operate as "equitable exceptions" to the "usual rules governing limitations periods." (*Aryeh v. Canon Business Solutions, Inc*. (2013) 55 Cal.4th 1185, 1197; 1192.) Presumably, if Shadeed's claims are subject to a continuing accrual period, any recent claim he may have presented to the State might be deemed

timely, which might also permit him to file an amended complaint alleging compliance with the Act.

Shadeed, however, has not provided any argument or authority explaining why his false imprisonment and defamation claims are subject to a continuing accrual period. He has therefore failed to carry his burden on appeal of affirmatively demonstrating error. (*Bullock, supra,* 159 Cal.App.4th at p. 685 ["An appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"].)**8**

## DISPOSITION

The trial court's judgment is affirmed. Respondent shall recover its costs of appeal.

ZELON, J.

We concur:

PERLUSS, P. J.                          WOODS, J.

---

**8** Shadeed also appears to assert that the trial court erred in denying his motion for reconsideration. As the trial court noted, however, nothing in Shadeed's motion for reconsideration addressed his failure to comply with the Act, which was fatal to his claims. Shadeed raises numerous additional arguments regarding the court's refusal to consider exhibits and amended pleadings that he attempted to file during the trial court proceedings. The court refused to consider these items because Shadeed failed to obtain leave to file them, and because he failed to provide any proof of service. Shadeed, however, has failed to demonstrate he was prejudiced by the court's acts because none of the rejected materials address his non-compliance with the Act. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403 ["A fundamental rule of appellate review is that the appellant must affirmatively show *prejudicial* error"].)