Filed 11/3/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STRONGHOLD ENGINEERING INCORPORATED,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF MONTEREY,<br><br>    Defendant and Respondent. | H050157<br>(Santa Clara County<br> Super. Ct. No. 18-CV-329015) |

Before filing a lawsuit asserting a claim for money or damages against a public entity, the Government Claims Act (Gov. Code, § 810 et seq.) requires that a claim be presented to the entity.  That requirement does not apply to an action seeking purely declaratory relief.  As applied here, a declaratory relief action seeking interpretation of a contract is not a claim for money or damages, even if the judicial interpretation sought may later be the basis for a separate claim for money or damages which would itself trigger the claim presentation requirement.

Defendant City of Monterey contracted with Stronghold Engineering Incorporated to renovate the city's conference center and adjacent plaza.  A dispute arose about which party was financially responsible under the contract and a change order for unforeseen delays in the renovation.  Without first presenting a claim to the city, Stronghold filed suit seeking a declaration of its rights and duties under the contract and the change order. Stronghold's single cause of action for declaratory relief sought a determination that the "City must compensate Stronghold for due compensable or excusable delays in time and

money for any changes made by or caused by the City to the Project that negatively impact the critical path."

The trial court sustained a demurrer with leave to amend based on the failure to present a claim before suing. Stronghold then presented multiple claims to the city alleging the city rejected proposed change orders related to delays which were caused by specific undisclosed site conditions. After the claims were denied, Stronghold amended its complaint to allege breach of contract causes of action based on the claims it had presented.

The trial court ultimately granted summary judgment for the city, finding Stronghold's failure to present a claim before initially filing suit doomed the entire action. As we will explain, we conclude that because the initial action sought purely declaratory relief, the trial court was incorrect to sustain the demurrer and later grant summary judgment. We will therefore reverse the judgment.

## I. TRIAL COURT PROCEEDINGS

Stronghold and the city entered into a contract in December 2015 to renovate the Monterey Conference Center and Portola Plaza. The contract required Stronghold to give written notice before seeking additional compensation for any aspect of the renovation. Any change to the project had to be approved by the city by written change order. The contract specified a dispute resolution procedure for claims of $375,000 or less for "[p]ayment of money or damages arising from work done by or on behalf of the Contractor pursuant to this Contract and payment of which is not otherwise expressly provided for as the Contractor is not otherwise entitled."

The parties signed a change order in early 2016 to extend the completion date for the renovation. Stronghold agreed in the change order to "waive[] its rights to any due compensable or excusable delays in time and money for all known and unknown knowledge of the project conditions, including unforeseen site conditions and errors and omissions in the drawings and specifications, with the exception of any major owner

2

changes affecting the critical path of the schedule or Acts of God or of the public enemy, fire, floods, epidemics, quarantine restrictions, strikes and freight embargoes."

A dispute arose about how to interpret the waiver language. Without first presenting a claim to the city, Stronghold filed suit in December 2016 alleging a single cause of action for declaratory relief. The initial complaint alleged that "[b]ecause this is an action solely for declaratory relief regarding the meaning, interpretation and legality of a contract, the Tort Claims Act provisions are inapplicable." The initial complaint did not request compensatory damages.

The city demurred based on Stronghold not presenting a claim to the city before commencing the litigation, which the trial court sustained with leave to amend in February 2017. (The case then took multiple procedural turns not relevant to the issues raised on appeal, including multiple amended complaints, a cross-complaint by the city, and the transfer of the case from Monterey County to Santa Clara County on Stronghold's motion (Code Civ. Proc., §§ 394, 397).)

While the case was pending, Stronghold presented three claims to the city between September 2017 and July 2019. In those claims, Stronghold asserted that the city had refused to approve proposed change orders necessitated by what Stronghold contended were excusable delays. The claims referenced specific site conditions including unforeseen soil conditions, gas line conflicts, and design revisions.

Stronghold filed the operative fourth amended complaint in October 2019 containing four causes of action. The first cause of action alleged that the city breached the project contract by, among other things, not providing a complete and accurate design and refusing to issue change orders for modifications to the scope of work. The second cause of action sought declaratory relief based on the same set of facts as the declaratory relief cause of action alleged in the initial complaint. The third cause of action also alleged breach of the renovation contract, focusing on the city's refusal to issue change orders and pay Stronghold for extra, changed, and modified work. The fourth cause of

3

action alleged the city had violated the Public Contract Code by not promptly paying Stronghold for work.

The city moved for summary judgment, arguing that the entire suit was barred by the failure to present a claim before filing the initial complaint. The court granted summary judgment by written order. The trial court reasoned that the declaratory relief cause of action in the initial complaint was, in essence, a claim for money or damages. The court further concluded that all causes of action in the operative complaint "lack merit as [Stronghold] failed to timely present a claim to public entity City prior to filing the instant action, thereby barring [Stronghold] from filing a lawsuit against that public entity." The city dismissed its cross-complaint, and Stronghold appealed from the judgment. (The trial court later granted attorney fees and costs to the city as the prevailing party; Stronghold has challenged that postjudgment order in a separate appeal, with briefing stayed by stipulation pending resolution of this appeal.)

## II.    DISCUSSION

### A. THE INITIAL COMPLAINT WAS NOT A CLAIM FOR MONEY OR DAMAGES

"Government Code section 905 requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734.) "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a written claim therefor has been presented to the public entity." (Gov. Code, § 945.4.) The claim presentation requirement does not apply to " 'non-pecuniary actions, such as those seeking injunctive, specific, or declaratory relief.' " (*Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, 121, fns. omitted.) Whether the initial complaint included a claim for money or damages is a question of statutory interpretation we review de novo. (*Segal v. ASICS America Corp.* (2022) 12 Cal.5th 651, 658.)

4

"A declaratory judgment action provides litigants with a quick, efficient means of resolving a disputed issue." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897 (*Mycogen*).) "Unlike coercive relief (such as damages, specific performance, or an injunction) in which a party is ordered by the court to do or to refrain from doing something, a declaratory judgment merely declares the legal relationship between the parties." (*Id.* at p. 898.) And "a party may request declaratory relief as a prophylactic measure before a breach occurs." (*Ibid.*)

The initial complaint sought to resolve a dispute with the city about how to interpret Stronghold's agreement in the first change order to "waive[] its rights to any due compensable or excusable delays in time and money for all known and unknown knowledge of the project conditions, including unforeseen site conditions and errors and omissions in the drawings and specifications, with the exception of any major owner changes affecting the critical path of the schedule or Acts of God or of the public enemy, fire, floods, epidemics, quarantine restrictions, strikes and freight embargoes." In its prayer for relief, Stronghold sought a judicial determination that according to the change order the "City must compensate Stronghold for due compensable or excusable delays in time and money for any changes made by or caused by the City to the Project that negatively impact the critical path."

We acknowledge Stronghold's own choice of the word "compensate." The city therefore argues the initial complaint was "in substance, a claim 'for money or damages' " because it sought a determination that the city must "compensate" Stronghold for certain delays. The city also contends the initial complaint "sought a declaration [Stronghold] was entitled to money," however in our view the initial complaint did not seek or attempt to show *entitlement* to damages of any kind. A declaratory judgment in Stronghold's favor would establish the parties' rights and duties related to delays under the contract and the first change order. But to obtain a money judgment Stronghold would need to further establish—either by change order or through a breach of contract

5

action—that a particular delay was compensable under the contract and the first change order, as interpreted in the declaratory judgment. Despite its reference to an obligation to "compensate" Stronghold for certain types of project delays, the initial complaint sought only declaratory relief; it was not a complaint for specified money or damages and no advance claim was required.

To be sure, any future claim for money or damages based on the judicial interpretation Stronghold sought in the declaratory relief action would need to be preceded by a claim presented to the city. That is what occurred here, with Stronghold presenting three government claims before amending its complaint to add breach of contract causes of action. But those claims were not a prerequisite to the purely declaratory relief Stronghold sought through its initial complaint We see a material difference between a judgment that *defines* the parties' rights and duties under a written agreement versus a judgment that *applies* an interpretation to a specific factual scenario. As the latter case would potentially create an award of damages, it would require a prefiling claim, but the former does not.

The city also contends the initial complaint is functionally equivalent to an indemnification action. Multiple courts have concluded that a declaratory relief cause of action for indemnity as to certain damages is itself a claim for damages that must be preceded by a written claim to the government entity. (E.g., *State of California v. Superior Court* (1983) 143 Cal.App.3d 754, 757 ["Notwithstanding its prayer for declaratory relief ... the cross-complaint here in essence states a claim 'for money damages,' against the state"]; *Southern California Edison Co. v. City of Victorville* (2013) 217 Cal.App.4th 218, 238.) But unlike indemnity—where a defendant subject to a suit for damages seeks to hold a third party liable for those damages—here no damages would flow solely from a declaratory judgment entered in Stronghold's favor, for the reasons we have explained.

6

The city further contends Stronghold "viewed its complaint as an alternative to a damages claim." But where an actual controversy exists, a party need not wait for a damages claim to arise or ripen before pursuing declaratory relief. (See *Mycogen*, *supra*, 28 Cal.4th at p. 898.) A judicial declaration of the parties' rights and duties would allow Stronghold to assess the viability of proceeding with a breach of contract action once such a cause of action has accrued. In the context presented here, we see the initial complaint not as an alternative to a damages claim, but as a permissible precursor to a potential damages claim.

Because the initial complaint's declaratory relief cause of action was not a claim for money or damages subject to the Government Claims Act, the trial court was incorrect to sustain the demurrer on that basis, and the ensuing summary judgment must likewise be reversed. In light of our conclusion, we need not address Stronghold's challenge to the trial court's application of Government Code section 945.4 to the duly presented claims on later accruing causes of action. (See *Jones v. Bock* (2007) 549 U.S. 199.) Further, we express no opinion on the interpretation of the change order at issue; on the applicability of Civil Code section 1511 or Public Contract Code sections 1104 and 7102; or on the merits of Stronghold's causes of action.

## B. STRONGHOLD'S FIRST CLAIM EXCEEDED $375,000

The parties' contract specifies a dispute resolution procedure for claims of $375,000 or less for the "[p]ayment of money or damages arising from work done by or on behalf of the Contractor pursuant to this Contract and payment of which is not otherwise expressly provided for as the Contractor is not otherwise entitled." Because the trial court was not called upon to resolve any factual issues, we exercise our independent judgment in interpreting the contract language to effectuate the mutual intent of the parties. (*Ameron Internat. Corp. v. Insurance Co. of State of Pennsylvania* (2010) 50 Cal.4th 1370, 1378.)

7

The city suggests an alternative basis to affirm the grant of summary adjudication—that the first claim Stronghold presented involved less than $375,000 in accrued damages and was therefore subject to a mandatory pretrial dispute resolution procedure that Stronghold did not follow before filing suit. Stronghold first presented a claim to the city in September 2017 based on proposed change orders 287 and 289. Proposed change order 289 did not specify a dollar amount. But proposed change order 287 sought $826,569 in damages, calculated as 182 days of delay at $4,541.59 per calendar day. Stronghold submitted that proposed change order in May 2017, some 52 days after the previously agreed upon March 2017 delivery date. The September 2017 claim based on that change order was presented 182 days after the original March 2017 delivery date.

The city argues that Stronghold's first claim totaled only $236,162.68 (based on 52 elapsed days at $4,541.59 per day), and was therefore subject to the mandatory dispute resolution procedure for claims of $375,000 or less. But by the time that claim was presented to the city approximately 180 days after the March 2017 delivery date, the amount claimed for elapsed time was over $800,000. We conclude the agreed upon dispute resolution procedure does not apply to Stronghold's September 2017 claim.

Seizing on the word "done" in the contract, the city contends that anticipated damages should not be used to calculate the amount claimed because they are based on work not yet "done." But the "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Civ. Code, § 1641.) Other provisions in the contract require Stronghold to submit notice of potential claims "prior to the time that the Contractor commences performance" and to bring disputes to the city's attention "at the earliest possible time in order that such matters may be settled." Reading those provisions together, we conclude that a claim by Stronghold for "money or damages arising from work done by or on behalf of the Contractor" may include both damages already accrued and reasonably anticipated future

8

damages.  As Stronghold's $826,569 claim was well over the $375,000 threshold, the pretrial dispute resolution procedure was not triggered.

**C. THE ATTORNEY FEES AWARD IS NOT AT ISSUE IN THIS APPEAL**

Stronghold notes in its reply brief that the trial court awarded attorney fees and costs to the city as the prevailing party, and argues that if it prevails on appeal "the fee award would have to be vacated along with the judgment on which it depends."  That fee award is the subject of a separate pending appeal.  (*Stronghold Engineering Incorporated v. City of Monterey*, case No. H050698.)  As the order for attorney fees is not at issue in this appeal, it must be addressed in the separate matter.

## III.    DISPOSITION

The judgment is reversed.  The matter is remanded for further proceedings on all causes of action in the operative fourth amended complaint.  As the prevailing party on appeal, Stronghold is awarded its appellate costs.  (Cal. Rules of Court, rule 8.278(a).)

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Lie, J.

**H050157**
***Stronghold Engineering Incorporated v. City of Monterey***

| Trial Court | Santa Clara County Superior Court<br>Superior Court Case No. 18-CV-329015 |
|---|---|
| Trial Judge | Hon. Drew C. Takaichi |
| Counsel for Plaintiff and Appellant<br>STRONGHOLD ENGINEERING<br>INCORPORATED | Blaine Hill Evanson<br>Daniel Rolf Adler<br>Matt Aidan Getz<br>GIBSON DUNN & CRUTCHER LLP<br><br>Andrew Joel Van Ornum<br>VARELA, LEE, METZ & GUARINO, LLP |
| Counsel for Defendant and Respondent<br>CITY OF MONTEREY | Michael George Colantuono<br>Merete Eliane Rietveld<br>Vernetra L. Gavin<br>COLANTUONO, HIGHSMITH & WHATLEY,<br>  PC<br><br>M. Christine Davi<br>CITY ATTORNEY'S OFFICE-MONTEREY<br>CITY HALL |
| Counsel for Amicus Curiae for Appellant<br>ABC OF CALIFORNIA; ABC OF<br>SOUTHERN CALIFORNIA | Robert Fried<br>PRACTUS, LLP |

H050157
*Stronghold Engineering Incorporated v. City of Monterey*